CALLAHAN, Circuit Judge,
concurring in part and dissenting in part:
I see no reason to remand all of the issues on appeal.
Because we review de novo the BIA’s conclusion that Barriga-Moreno was convicted under subsection (a) of Washington Revised Code § 9A.44.100(1), and he record indicates that he was convicted under subsection (b) instead, I would hold that subsection (b) applies. See Li v. Ashcroft, 356 F.3d 1153, 1161 n. 7 (9th Cir.2004) (en banc) (declining to remand because “[t]he agency has already considered the factual and legal contentions as to [the petitioner’s] claims”).
In any event, the BIA properly concluded that a conviction under any of the subsections of the statute categorically constitutes a crime involving moral turpitude (CIMT). In challenging he conclusion that a conviction under subsection (b), in particular, is a CIMT, Barriga-Moreno relies on inapposite cases that involve other subsections of the statute, or prior versions of subsection (b). I would hold that his conviction under subsection (b) constitutes a CIMT.
I would remand only as to whether a conviction under subsection (b) is a violent or dangerous crime, which the BIA has not decided in the first instance.